UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY FLOWERS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>ANTHONY LaMARQUE, Warden,<br><br>　　　　　Respondent.<br>_____/ | CV F 01-5821 AWI DLB HC<br><br>ORDER REGARDING PETITIONER'S SECOND REQUEST FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL AS MOOT AND ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>[Docs. 55, 52, 53] |

　　　　On July 15, 2005, Magistrate Judge Dennis L. Beck issued Findings and Recommendations that recommended Petitioner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be denied. Petitioner filed objections on September 16, 2005. On December 22, 2005, the undersigned adopted the Findings and Recommendations in full and judgment was entered in favor of Respondent that same day.

　　　　On January 18, 2006, Petitioner filed a request for an extension of time to file a notice of appeal. (Court Doc. 50.) On February 15, 2006, the Court granted Petitioner's request and extended the time to file a notice of appeal for thirty days. (Court Doc. 51.)

　　　　On February 23, 2006, Petitioner filed a second motion for an extension of time to file a notice of appeal and a request for a certificate of appealability and notice of appeal. (Court Docs. 52, 53.)

　　　　It appears that Petitioner's second request for an extension of time to file a notice of appeal crossed in the mail with the Court's February 15, 2006, order granting Petitioner's first

request.  Petitioner's second request for an extension of time is dated by Petitioner February 15, 2006, the same date the Court issued its order granting the first request.  Thus, because the Court granted Petitioner's first request for an extension of time and the time was extended an additional thirty days, Petitioner's second request was unnecessary and is disregarded as MOOT.  Further, Petitioner timely filed the notice of appeal and request for certificate of appealability on the same date that he filed the second request for an extension of time to file such documents.

The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, Petitioner's request for a certificate of appealability is DENIED.

IT IS SO ORDERED.

Dated:     **March 21, 2006**              /s/ Anthony W. Ishii
0m8i78                                   UNITED STATES DISTRICT JUDGE